IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TEIXEIRA VAZ, et al.,<br><br>Plaintiffs,<br>v.<br><br>PROGRESSIVE PREFERRED INSURANCE COMPANY,<br><br>Defendant. | REPORT & RECOMMENDATION DENYING [10] MOTION TO DISMISS AND ORDERING AMENDMENT OF THE COMPLAINT<br><br>Case No. 2:25-cv-01151-TS-CMR<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 6). Before the court is a Motion to Dismiss (Motion) (ECF 10) filed by Defendant Progressive Preferred Insurance Company (Defendant). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the court DENY the Motion and grant Plaintiffs leave to amend addressing the jurisdictional deficiencies addressed herein within 20 days of the court addressing this Report and Recommendation.

## I. BACKGROUND

Plaintiffs Martin Pecanha Teixeira Vaz (Mr. Teixeira Vaz) and Darcy Vaz (Ms. Vaz) (collectively, Plaintiffs) filed the Complaint (ECF 1) in this matter on December 22, 2025. Plaintiffs assert four state law claims against Defendant: (1) Insurance bad faith; (2) Breach of contract; (3) Unfair Claims Settlement Practices under Utah Code Ann. § 31A-26-303; and (4) Negligence and reckless disregard (ECF 1 at ¶¶ 107–187). On February 13, 2026, Defendant filed the present Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs'

claims are subject to dismissal for failure to state a claim. On February 13, 2026, Plaintiffs filed their Response (ECF 12), and Defendant thereafter filed a Reply (ECF 15). On March 3, 2026, without leave of court, Plaintiffs filed a reply memorandum (ECF 14), and Defendant then filed a Request to Submit (ECF 15). On March 22, 2026, once again without leave of court, Plaintiff filed another reply memorandum entitled "Notice regarding limited clarification" (ECF 16).[1]

## II. DISCUSSION

Defendant seeks dismissal of the Complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Notwithstanding the arguments presented in the Motion, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).[2]

### A. Federal Question Jurisdiction

Section 1331 provides for federal question jurisdiction for cases arising under federal law. *See* 28 U.S.C. § 1331. For federal question jurisdiction under § 1331, "the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or

[1] Because Plaintiff filed additional reply memoranda (ECF 14, 16) without leave of court, the court declines to consider these filings. DUCivR 7-1(a)(8) ("Unless otherwise ordered, the court will not consider additional memoranda.").

[2] Given that Plaintiffs are proceeding pro se, the court construes their Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012).

Here, Plaintiffs assert federal question jurisdiction under 18 U.S.C. § 1331 but fail to assert any federal causes of action or substantial questions of federal law in the Complaint (ECF 1 ¶¶ 31–35). In their Response, Plaintiffs argue that "federal law governs and provides a direct cause of action" and generally list various federal statutes, regulations, common law, and principles without explaining how they relate to the facts alleged in the Complaint (ECF 12 at 2–3). Because the court is constrained to "the four corners" of the Complaint, the court declines to consider the allegations in Plaintiffs' Response. *See Duran v. Colbert*, No. 2:16-CV-805 CW, 2023 WL 2742738, at *2 (D. Utah Mar. 31, 2023) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). For these reasons, the undersigned concludes that Plaintiffs have failed to adequately plead federal question jurisdiction.

**B. Diversity Jurisdiction**

Section 1332 provides for diversity jurisdiction for cases involving diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. The court will address each requirement in turn.

1. *Complete Diversity*

To establish diversity jurisdiction under § 1332, "a party must show that complete diversity of citizenship exists between the adverse parties." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quoting *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006)). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.* Here, Plaintiffs allege they are residents of Utah, and Defendant is "not domiciled in Utah" (ECF 1 at ¶ 1). However, Plaintiffs do not include any specific allegations in their Complaint identifying the

residency of Defendant. It is therefore unclear from the face of the Complaint whether Plaintiffs have sufficiently alleged complete diversity.

2. *Amount in Controversy*

Plaintiffs allege that the amount in controversy in this case exceeds five million dollars (ECF 1 at ¶ 1). The Tenth Circuit has held that in cases "[w]here insurance coverage is denied, the maximum 'amount in controversy is the maximum limit of the insurer's liability under the policy.'" *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (quoting *Farmers Ins. Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979)). Here, Plaintiffs' Complaint does not include any allegations regarding the applicable policy limits. The only specific allegation in the Complaint relating to damages is $4,528.31 in mechanical damage to Plaintiffs' vehicle (ECF 1 at ¶ 18). Yet Plaintiffs seek two million dollars for Mr. Teixeira Vaz, two million dollars for Ms. Vaz, and one million dollars in punitive damages (*id.* ¶ 36). It is thus unclear from the Complaint how Plaintiffs arrived at their seven-figure damages estimates.

Certain consequential damages are recoverable for breach of the implied covenant of good faith and fair dealing in first-party insurance cases under Utah law. *See Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 467 (Utah 1996) ("[A] first-party insurer who breaches the implied covenant by unreasonably denying the insured the benefits bargained for may be held liable for broad consequential damages foreseeably caused by the breach, damages which might include those for mental anguish and which would be closely analogous to those available in states taking a tort approach."). Here, Plaintiffs have alleged a breach of the implied covenant of good faith and fair dealing as part of their first cause of action for insurance bad faith under Utah common law (*id.* ¶¶ 31–32). However, Plaintiffs' requested damages include damages for "emotional distress" without any explanation of the nature or extent of their emotional damages (*id.* ¶ 37). The court is

thus uncertain that the amount in controversy requirement for diversity jurisdiction has been satisfied.

In summary, because Plaintiffs have failed to adequately allege either federal question or diversity jurisdiction, Plaintiffs have not met their burden to establish that this court has subject matter jurisdiction. The court therefore does not reach Defendant's arguments regarding Plaintiffs' failure to state a claim in their Complaint. Notwithstanding the deficiencies with Plaintiffs' Complaint, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where . . . it would be futile to give [him] an opportunity to amend." *See Kay*, 500 F.3d at 1217 (citation omitted). Accordingly, the court gives Plaintiffs an opportunity to amend their Complaint.

**RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the court DENY Defendant's Motion to Dismiss (ECF 10) without prejudice, and order Plaintiff to amend the complaint addressing the deficiencies noted herein within 20 days of addressing the Report and Recommendation.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 27 July 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah